AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Jeremy Brown<br><br>*Defendant(s)* | Case No.<br><br>**8:21MJ1991SPF** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  September 30, 2021  in the county of  Hillsborough  in the  Middle  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C § 5861(d) | Possession of unregistered firearms. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

CHRISTOPHER NICOLUSSI
Digitally signed by CHRISTOPHER NICOLUSSI
Date: 2021.10.01 12:25:35 -04'00'

*Complainant's signature*

Christopher J. Nicolussi, Special Agent, ATF
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim. P. 4.1 and 4(d).

Date: 10/1/2021

*Judge's signature*

City and state:  Tampa, Florida    SEAN P. FLYNN, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Chris Nicolussi, being first duly sworn, hereby depose and state the following:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been employed in this capacity since 2014. I am certified as an Explosives Specialist and Bomb Technician with ATF, Tampa Field Division. I have also worked with local, county, and state bomb squads to address and render safe various types of explosives and improvised explosive devices. My official duties include, but are not limited to, investigation and enforcement of violations of federal criminal laws pertaining to firearms, explosives investigations, and controlled substances. I am currently assigned to the Joint Terrorism Task Force (the "JTTF") of the FBI's Tampa Division. In this capacity I investigate, among other things, criminal cases relating to international and domestic terrorism. In addition to my on-the-job experience, the ATF has provided me with training on criminal and national security investigations and the techniques used to further these investigations.

2. I make this affidavit in support of an application for a criminal complaint for JEREMY BROWN, a citizen of the United States whose address is 4804 10th Avenue South, Tampa, Florida 33619, for violations of 26 U.S.C. § 5861(d), possession of unregistered firearms.

3. I make this affidavit from personal knowledge based on my participation in this investigation, information from law enforcement officers, and information gained through my training and experience.

4. Because this affidavit is being submitted for the limited purposes of establishing probable cause for the issuance of a criminal complaint, I have not set forth each and every fact that I learned as a result of this investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause that a violation of federal law has been committed. Unless otherwise noted, all statements of other persons described in this affidavit are set forth in substance and in part, rather than verbatim.

## STATUTORY AUTHORITY

5. Title 26 U.S.C. § 5861(d) provides that it is unlawful for any person to receive or possess certain types of firearms unless they are registered to him in the National Firearms Registration and Transfer Record. The United States must prove the following elements to show a violation of 26 U.S.C. §5861(d): the person (1) knowingly possessed the item, and (2) knew that "the item he possessed had the characteristics that brought it within the statutory definition of a firearm." The United States need not prove, however, that the defendant knew that the item fell within the statutory definition. *Rogers v. United States*, 522 U.S. 252, 254-55 (1998); *Staples v. United States*, 511 U.S. 600, 619 (1994).

6. The term firearm is defined differently for a violation of 26 U.S.C. § 5861(d) than for the firearms offenses found in Title 18. *See* 26 U.S.C. § 5845. Section 5845 includes the following definitions of "firearm":

> (1) a shotgun having a barrel or barrels of less than 18 inches in length;
> (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length;
> (3) a rifle having a barrel or barrels of less than 16 inches in length;
> (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length;
> (5) any other weapon, as defined in subsection (e);
> (6) a machinegun;
> (7) any silencer (as defined in section 921 of title 18, United States Code); and
> (8) a destructive device.

7. As set forth below, this case involves the possession of the types of firearms defined in subsections (1) and (3) above, namely: a shotgun having a barrel of less than 18 inches in length and a rifle having a barrel of less than 16 inches in length.

8. Based on my own inspection and discussions with agents from ATF, the specific firearms at issue in this case, which are listed below, require registration with the National Firearms Registration and Transfer Record and payment of an applicable tax:

   a. A Palmetto Armory rifle, 5.56 caliber, model PA-15, serial number LW257921, with a barrel less than 16 inches in length.

   b. A sawed-off shotgun, 410 Gauge, model SB42Y, serial number C1247014, having a barrel less than 18 inches in length.

3

## PROBABLE CAUSE

9. On September 29, 2021, United States Magistrate Judge for the District of Columbia Robin M. Meriweather signed a warrant for the arrest of JEREMY BROWN ("BROWN") pursuant to a criminal complaint for entering restricted buildings and grounds at the U.S. Capitol on January 6, 2021, in violation of 18 U.S.C. § 1752(a). Case No. 1:21-mj-00619.

10. On September 30, 2021, federal agents arrested BROWN outside his residence located at 4804 10th Avenue South, Tampa, Florida 33619 (the "Residence"). That same day, I, along with other FBI agents and JTTF Task Force Officers, executed warrants to search the Residence for evidence related to the charged offense. The Residence, which is owned by BROWN's girlfriend, T.A., is a single-family home with an attached apartment. The apartment is occupied by a tenant, who was not present at the time of the search. For purposes of this affidavit, when I refer to the Residence, I mean only the primary residence and not the attached apartment. The warrants also authorized federal agents to search the recreational vehicle (the "RV") and black trailer (the "Trailer") that are parked on the property. The RV and Trailer are registered to T.A. BROWN is currently living in the Residence with T.A. and in the RV. At the time of the arrest and search, BROWN and T.A. were the only occupants of the Residence.

11. Upon search of the Residence, federal agents found a short-barrel rifle leaning against a wall of the master bedroom. The agents also observed male clothing in the master bedroom that appeared to be sizes that would fit BROWN's

4

body. I examined the rifle, which had two magazines inserted at the time it was discovered. The barrel of the rifle measured approximately 11 inches in length. The overall length of the rifle measured 26 inches in length. A photo of the short-barrel rifle is depicted below.



12. Based on my training and experience, and on discussions with other ATF agents who inspected the short-barrel rifle, I know that it would constitute a "firearm" under 26 U.S.C. § 5845(a)(3).

13. Additionally, federal agents searching the RV found tactical gear, including a tactical vest, male hats, and male clothing, all of which appeared to be

sizes that would fit BROWN's body and head. The agents also discovered in the RV what appeared to be a sawed-off shotgun. I examined the shotgun and measured the barrel to be 12.5 inches long. A photo of the sawed-off shotgun is depicted below.



14.   Based on my training and experience, and on discussions with other ATF agents who inspected the sawed-off shotgun, I know that it would constitute a "firearm" under 26 U.S.C. § 5845(a)(1).

15.   Federal agents also observed in the RV what appeared to be two hand grenades located in the pockets of the tactical vest. ATF agents secured the devices and moved them away from the search team for safe examination. Agents from ATF

assessed the devices to be live, military ordinance M67 grenades. Photos of one of the grenades are depicted below.



16. Based on my training and experience, and on discussions with other ATF agents who inspected the grenades, I know that grenades like the ones seized from the RV are available only to active members of the military. Other agents have advised me that BROWN previously served on active duty in the U.S. Army, Special Forces.

17. A records search shows no registration of any firearm by BROWN in the National Firearms Registration and Transfer Record as required by Title 26, United States Code. Additionally, a search of the serial numbers on the firearms at issue shows that none are registered to BROWN.

18. Additionally, during the execution of the search warrant, I spoke with T.A., who stated that the short-barrel rifle belonged to BROWN and that BROWN spray paints all of his rifles in this way. Another federal agent asked T.A. about the grenades. T.A. stated that she was not aware of their existence.

## CONCLUSION

19. Based on the above, I believe probable cause exists to believe that JEREMY BROWN has committed violations of 26 U.S.C § 5861(d), possession of unregistered firearms. Accordingly, I respectfully request the issuance of a criminal complaint authorizing BROWN's arrest.

This completes my affidavit.

Digitally signed by CHRISTOPHER NICOLUSSI
Date: 2021.10.01 12:22:14 -04'00'

Chris Nicolussi, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to and subscribed to ~~this~~ by telephone on ____ ~~day of~~ October 1, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

8